EDWARD G. POPLAWSKI, State Bar No. 113590
epoplawski@wsgr.com
LISA D. ZANG, State Bar No. 294493
lzang@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071-2027
Telephone: (323) 210-2900
Facsimile: (866) 974-7329

STEFFEN N. JOHNSON (admitted pro hac vice)
sjohnson@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, D.C. 20006
Telephone: (202) 973-8800
Facsimile: (202) 973-8899

Attorneys for Plaintiff
Royal Holdings Technologies Corp.
d/b/a X.Labs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **ROYAL HOLDINGS TECHNOLOGIES CORP. D/B/A X.LABS**, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>**IP VIDEO MARKET INFO INC.**, a Hawaii corporation and Pennsylvania corporation,<br><br>Defendant. | Case No. 2:20-cv-04093-JAK-PLAx<br><br>Hon. Stanley Blumenfeld Jr.<br><br>**NOTICE OF MOTION AND MOTION OF WILSON SONSINI GOODRICH & ROSATI, P.C. FOR LEAVE TO WITHDRAW AS COUNSEL FOR PLAINTIFF ROYAL HOLDINGS TECHNOLOGIES CORP.**<br><br>Date: April 23, 2021<br>Time: 8:30 a.m.<br>Courtroom: 6C |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on April 23, 2021 at 8:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom 6C of the United States District Court for the Central District of California, located at 350 West First Street, Los Angeles, California 90012, Wilson Sonsini Goodrich & Rosati, P.C. ("WSGR") will, and hereby does, move for leave to withdraw as counsel for Plaintiff Royal Holdings Technologies Corp. d/b/a X.Labs ("Plaintiff") in this matter pursuant to L.R. 83-2.3.2.

This motion is made on the grounds that Plaintiff has not made any payment of WSGR's outstanding invoices.

The motion is based on the accompanying Memorandum of Points and Authorities, the accompanying Declaration of Edward G. Poplawski in Support of this Motion for Leave to Withdraw as Counsel, and any other additional arguments or evidence that may be presented at or before the hearing of this motion.

Dated: March 25, 2021

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:   */s/ Edward G. Poplawski*
Edward G. Poplawski
Steffen N. Johnson
Lisa D. Zang

Attorneys for Plaintiff
Royal Holdings Technologies Corp
d/b/a X.Labs

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  STATEMENT OF FACTS

WSGR and Plaintiff entered into a written engagement agreement ("Agreement") on November 22, 2019. Declaration of Edward G. Poplawski in Support of Motion for Leave to Withdraw as Counsel ("Poplawski Decl.") ¶ 2. The Agreement allows WSGR and Plaintiff to terminate WSGR's representation of Plaintiff at any time for any reason, except to the extent limited by applicable law or rules of professional conduct. *Id*. Under the Agreement, Plaintiff agreed that if WSGR were required or elected to withdraw, Plaintiff would promptly take all steps necessary to free WSGR of any obligation to perform further services, including the prompt execution and delivery of any documents necessary to complete WSGR's withdrawal. *Id*.

WSGR has invoiced Plaintiff monthly in connection with this matter. *Id*. ¶ 3. Plaintiff has not made any payment of WSGR's outstanding invoices. *Id*.

On January 11, 2021, Defendant IP Video Market Info Inc. ("Appellant") filed a notice of appeal in this action. (ECF No. 53.) Immediately following the filing of this notice of appeal, WSGR informed Plaintiff that it would not represent Plaintiff in the appeal absent at least substantial payment of outstanding invoices. Poplawski Decl. ¶ 3. Plaintiff represented that it would make substantial payment by January 25, 2021, but did not do so and instead requested more time for payment. *Id*. WSGR also promptly informed Plaintiff in writing of the appellate briefing schedule and other deadlines in this action. *Id*.

Accordingly, taking into account the April 26, 2021 date for Appellant's submission of its opening appeal brief, WSGR informed Plaintiff in writing on January 25, 2021 that WSGR would withdraw from representing Plaintiff on March 16, 2021 and Plaintiff should use the intervening period to seek other counsel to substitute for WSGR in this action. *Id*. ¶ 4. WSGR has explained to Plaintiff the

consequences of such a withdrawal, including the consequences of its inability as a corporation to appear pro se. *Id*.

WSGR also informed Plaintiff that it would be amenable to continue to represent Plaintiff if Plaintiff at least substantially paid outstanding invoices and provided WSGR a payment plan by no later than March 16, 2021. *Id*. ¶ 5. WSGR reiterated the foregoing information to Plaintiff in written communications of February 28, 2021 and March 14, 2021 and in multiple telephone communications. *Id*. In the meantime, WSGR continued to fulfill its professional and ethical obligations to Plaintiff, including representing Plaintiff in the March 18, 2021 settlement discussion among the parties and the Ninth Circuit's settlement staff attorney and reporting the outcome of this discussion to Plaintiff. *Id*. Plaintiff has been given an advance copy of this motion and the accompanying declaration and has acknowledged and consented to WSGR's withdrawal with an expressed intent to retain WSGR again in the event outstanding invoices are paid. *Id*.

On January 19, 2021, the Court stayed all proceedings in this case pending the outcome of appellate proceedings. (ECF No. 55.)

**II.   ARGUMENT**

The California Rules of Professional Conduct provide for the withdrawal of representation where "the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation." *See* Cal. Rules of Prof'l Conduct, Rule 1.16(b)(5).

Good cause exists to grant this motion because Plaintiff has failed to fulfill a fundamental obligation to pay WSGR for the services rendered by WSGR and reimburse expenses advanced by it. Poplawski Decl. ¶¶ 2, 3. The losses to WSGR will increase significantly in the event that the stay on this case is lifted following the resolution of appellate proceedings.

1   The Court's Local Rules further provide that an attorney may withdraw with leave of court, granted upon written motion.  L.R. 83-2.3.2.  In doing so, counsel must give written notice reasonably in advance to the client and to all other parties who have appeared in the action.  WSGR has done so.  Poplawski Decl. ¶ 5.

L.R. 83-2.3.5 states that "[u]nless good cause is shown and the ends of justice require, no substitution or relief of attorney will be approved that will cause delay in prosecution of the case to completion."  WSGR is bringing this motion now to avoid unnecessary delays and will provide all reasonable cooperation with the transition of files and information to new counsel if Plaintiff is able to secure such new counsel.  Indeed, WSGR used all reasonable efforts to avoid filing this motion altogether by pursuing settlement with Defendant in connection with the currently pending appellate proceedings.  Poplawski Decl. ¶ 5.  Unfortunately, the parties have not reached a resolution on those efforts.

### III. CONCLUSION

For the foregoing reasons, WSGR respectfully requests that the Court grant its Motion for Leave to Withdraw as Counsel for Plaintiff.

Dated: March 25, 2021

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:  */s/ Edward G. Poplawski*
Edward G. Poplawski
Steffen N. Johnson
Lisa D. Zang

Attorneys for Plaintiff
Royal Holdings Technologies Corp
d/b/a X.Labs